UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Weston J. Stow

   v.                                                  Case No. 23-cv-186-SE-AJ

Michelle Edmark, Warden

## ORDER

In 1990, Mr. Stow was convicted of sexual assault and kidnapping and sentenced to 40 to 80 years in prison, some of which was imposed to run consecutively and some to run concurrently. In 2002, Mr. Stow filed a petition for a writ of habeas corpus challenging his conviction and the sentence imposed in the 1990 case. Stow v. Prison Warden, No. 02-cv-064-JD (D.N.H.) ("Stow I"). The court resolved that petition against him and denied him a certificate of appealability. In 2006, Mr. Stow filed a second § 2254 petition in this court challenging the constitutionality of his 1990 conviction. Stow v. Prison Warden, No. 06-cv-378-PB (D.N.H.) ("Stow II"). The court dismissed that case for lack of jurisdiction on the grounds that it was a second or successive habeas petition and was filed without prior permission from the First Circuit Court of Appeals. In 2023, Mr. Stow filed this third petition.

On April 17, 2024, Magistrate Judge Andrea K. Johnstone issued a Report and Recommendation in which she found that the instant petition challenging Mr. Stow's 1990 conviction was Mr. Stow's second or successive habeas petition arising from "the same state court conviction and sentence" at issue in Stow I. Doc. no. 11 at 4. Because Mr. Stow cannot bring claims that he presented in a prior application, 28 U.S.C. § 2244(b)(1), and did not first obtain the approval of the First Circuit Court of Appeals to bring claims that were not previously

raised in his prior petition challenging the same state conviction, see id. § 2244(b)(2) & (3), Magistrate Judge Johnstone recommended dismissal for lack of jurisdiction.

Mr. Stow objected, doc. no. 19, arguing that the instant petition is not a second or successive petition. His argument is based entirely on the fact that he is now serving a different consecutive sentence than the sentence he was serving when he filed his prior petitions. Doc. no. 19. However, § 2244(b) applies to "a second or successive application challenging the same state court judgment." Magwood v. Patterson, 561 U.S. 320, 331-32 (2010). Because Mr. Stow is challenging the same state-court judgment, whether or not he is currently serving the same or a consecutive sentence imposed by that judgment, his current petition is a second or successive petition.

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated April 17, 2025. For the reasons explained here and therein, Mr. Stow's petition is dismissed in its entirety for lack of jurisdiction.

Additionally, finding that the petitioner has failed to show that jurists of reason would find the absence of jurisdiction debatable, the court declines to issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253(c)(2).

The clerk shall enter judgment and close this case.

_____
Samantha D. Elliott
United States District Judge

Date: July 2, 2025

cc:    Weston J. Stow, pro se